J-S43012-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MALIK COLLINS | : | |
| | : | |
| Appellant | : | No. 2258 EDA 2021 |

Appeal from the PCRA Order Entered January 16, 2015
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0005027-2007

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MALIK COLLINS | : | |
| | : | |
| Appellant | : | No. 1110 EDA 2023 |

Appeal from the PCRA Order Entered January 16, 2015
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0005028-2007,
CP-51-CR-0005885-2007

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MALIK COLLINS | : | |
| | : | |
| Appellant | : | No. 1111 EDA 2023 |

Appeal from the PCRA Order Entered January 16, 2015
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0005028-2007,
CP-51-CR-0005885-2007

BEFORE:  DUBOW, J., KUNSELMAN, J., and NICHOLS, J.

JUDGMENT ORDER BY DUBOW, J.:                **FILED DECEMBER 29, 2023**

Appellant Malik Collins appeals from the Post-Conviction Relief Act ("PCRA")[1] Order entered by the Philadelphia County Court of Common Pleas on January 16, 2015.  These consolidated cases are before this panel following our March 13, 2023 Order remanding for the appointment of appellate counsel and proceedings pursuant to Pa.R.A.P. 1925.  After careful review and in accord with the PCRA court's recommendation, we vacate the January 16, 2015 Order dismissing Appellant's May 16, 2012 PCRA Petition and remand to the PCRA court for proper disposition of Appellant's PCRA Petition.

Appellant's consolidated cases arise from a 2006 shooting of three people in Philadelphia.  In 2008, a jury convicted Appellant of crimes related to the murder of John Waller, at CP-51-CR-0005885-2007 ("Case 5885"); the attempted murder of Yusef Proctor, at CP-51-CR0005027-2007 ("Case 5027"); and the attempted murder of Carl Odom, at CP-51-CR-0005028-2007 ("Case 5028").  After the jury declined to impose the death penalty for the murder, the trial court sentenced Appellant to life imprisonment without parole ("LWOP") and concurrent sentences for the related charges in Case 5885.[2]  It

_____

[1] 42 Pa.C.S. §§ 9541-46.

[2] The PCRA Court explained that Appellant received a separate first-degree murder conviction at docket number CP-51-CR-00 11195-2007 (Case 11195). The procedural history for Case 11195 overlaps with the consolidated cases in the instant appeal, including at sentencing where the court imposed the LWOP sentence in Case 5885 consecutive to the LWOP sentence in Case 11195.

also imposed sentences of 10-20 years of imprisonment in Cases 5027 and 5028. Appellant did not appeal the judgments of sentence in Cases 5027 and 5028 but filed a direct appeal in Case 5885. This Court affirmed the judgment of sentence, and our Supreme Court denied his Petition for Allowance of Appeal.[3]

The PCRA court on remand summarized the convoluted PCRA proceedings related to these cases:[4]

> On March 29, 2011, in [Case 5885] and [Case 11195], the Petitioner filed a *pro se* [PCRA] petition, his first. On May 16, 2012, appointed counsel, Barnaby Wittels, Esq., filed an Amended Petition in[] all three of the above-captioned cases. Despite never filing a Notice of Intent to Dismiss pursuant to Pa.R.Crim.P. 907 ("907 Notice"),[5] on January 16, 2015, Judge [Shelly] Robins New dismissed the petition. The Petitioner did not appeal.
>
> On September 10, 2015, in[] all three of the above-captioned cases, the Petitioner filed a second PCRA petition requesting that his appellate rights for his first PCRA petition be reinstated *nunc pro tunc* because Attorney Wittels failed to timely inform him of the dismissal and of his appellate rights until May of 2015, when he incorrectly informed the Petitioner that he no longer represented the Petitioner. On April 9, 2021, after numerous

_____

[3] **Commonwealth v. Collins**, 13 A.3d 988 (Pa. Super. 2010) (unpublished memorandum); *allocatur denied*, 19 A.3d 1049 (Pa. 2011).

[4] We commend the current PCRA court and the parties on remand for unraveling the procedural history.

[5] Rule 907 mandates that the PCRA judge "give notice to the parties of the intention to dismiss the petition and shall state in the notice the reasons for the dismissal" if the judge concludes that "there are no genuine issues concerning any material fact and that the defendant is not entitled to post-conviction collateral relief." Pa.R.Crim.P. 907. The Rule provides that the petitioner "may respond to the proposed dismissal within 20 days of the date of the notice." **Id.**

continuances, Judge Robins New allowed Attorney Wittels to formally withdraw. On April 14, 2021, only in [Case 5027], Judge Robins New filed a Rule 907 Notice. On April 23, 2021, the Petitioner filed a response to Judge Robins New['s] 907 Notice. On August 24, 2021, in [Case 5027], after apparently initially dismissing the petition in error on August 18, 2021, Judge Robins New granted the petition and reinstated the Petitioner's appellate rights. Judge Robins New did not appoint new PCRA counsel or rule on the PCRA Petition with respect to [Case-5028] and [Case 5885], so the PCRA petition in those cases were still pending.

On September 13, 2021, in [Case 5027], the Petitioner filed a *pro se* Notice of Appeal. Judge Robins New retired from the bench without filing a [Rule] 1925(a) Opinion.

PCRA Ct. Op., 7/5/23, at 2-3.

On March 13, 2023, after granting briefing extensions to both parties, this Court determined that appellate counsel had not been appointed following the grant of *nunc pro tunc* relief. Accordingly, we remanded for the assignment of a new judge and the appointment of counsel. **Commonwealth v. Collins**, 296 A.3d 603 (Pa. Super. 2023) (unpublished memorandum). The PCRA Court expeditiously appointed appellate counsel within two days of our Order.

On April 27, 2023, the PCRA court reinstated Appellant's appellate rights *nunc pro tunc* in regard to his 2012 PCRA Petition in Cases 5028 and 5885, remedying Judge Robbins New's reinstatement of his rights only as to Case 5027 in August 2021. On May 1, 2023, counsel filed Notices of Appeal in Cases 5028 and 5885 and subsequently filed Pa.R.A.P. 1925(b) Statements of Matters Complained of on Appeal on May 24, 2023. On June 7, 2023, this Court consolidated the three cases.

In his Pa.R.A.P. 1925(b) Statement, Appellant, *inter alia*, claimed that the original PCRA court erred in dismissing his 2012 PCRA Petition without filing a Rule 907 Notice. After review of the proceedings, the PCRA court agreed and also found that "original PCRA counsel was ineffective for failing to notify [Appellant] of the dismissal of his May 16, 2012 PCRA Petition and for abandoning the [Appellant] when he failed to consult with him regarding his [appellate] rights." PCRA Ct. Op. at 4. In light of "the numerous procedural deficiencies [including the failure to file a Rule 907 Notice] and the interests of justice," the PCRA court recommended that this Court vacate the January 16, 2015 Order dismissing Appellant's 2012 PCRA Petition and remand the consolidated cases to the PCRA Court for proper disposition. *Id.* at 5. The Commonwealth did not oppose the court's recommendation.

After careful review of the records, we agree with the PCRA court's recommendation. Accordingly, we vacate the January 16, 2015 Order dismissing Appellant's 2012 PCRA Petition and remand to the PCRA Court for further proceedings.[6]

Order of January 16, 2015 Vacated. Case Remanded. Jurisdiction relinquished.

---

[6] We additionally grant the Commonwealth's Petition for an Extension of Time to File Brief for Appellee, filed on October 3, 2023, and deem timely its Brief filed on December 1, 2023.

- 5 -

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: 12/29/2023